**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., as Trustee, | ) ) ) | Case No. |
| | ) | Judge |
| *Plaintiffs,* | ) ) | Magistrate Judge |
| v. | ) ) | |
| INFRASOURCE, LLC, a Delaware limited liability company | ) ) ) | |
| *Defendant.* | ) | |

**COMPLAINT**

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Fund"), and Arthur H. Bunte, Jr., one of the Fund's present trustees, allege as follows:

**JURISDICTION AND VENUE**

1.     This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and is a suit to recover employer contributions owed to the Fund by Defendant in accordance with applicable collective bargaining and trust fund agreements.

2.     This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3.     Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Fund is an "employee benefit plan" as that term is defined in ERISA and is administered at its principal place of business in Rosemont, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect unpaid contributions.

- 1 -

## PARTIES

4.      The Fund is an employee benefit plan and trust, with its principal and exclusive office located at 9377 West Higgins Road in Rosemont, Illinois.

5.      The Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Fund and paying the administrative expenses of the Fund.

6.      Plaintiff Arthur H. Bunte, Jr. is a trustee and "fiduciary" of the Fund as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Arthur H. Bunte, Jr. is authorized to bring this action on behalf of the Fund and its participants and beneficiaries in his capacity as a trustee and fiduciary.

7.      Defendant Infrasource, LLC ("Infrasource") is a limited liability company organized under the laws of the State of Delaware.  Infrasource is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

8.      The IBT is a labor organization which represents, for the purpose of collective bargaining, certain employees of Infrasource and employees of other employers in industries affecting interstate commerce.

9.      During all relevant times, the IBT and the Pipe Line Contractors Association have been parties to a collective bargaining agreement known as the National Pipe Line Agreement.

Pursuant to that agreement, Infrasource has been required to make contributions to the Fund on behalf of certain of its covered employees.

10.     Infrasource and the IBT are also parties to a participation agreement, in which Infrasource agreed to be bound by the terms of the Fund's Trust Agreement (the "Trust Agreement") and all rules and regulations promulgated by the Trustees under said Trust Agreement.

11.     Under the Trust Agreement, Infrasource was required to "remit continuing and prompt contributions to the [Fund] as required by the applicable collective bargaining agreement . . . ."

12.     The Trust Agreement provides that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any contributions, withdrawal liability and/or other moneys due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer with respect to past due contributions and/or other money (other than withdrawal liability) prior to the entry of a judgment, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater). ... Any judgment against an Employer for contributions and/or withdrawal liability owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid contributions and/or withdrawal liability. The interest rate after entry of a judgment against an Employer for contributions and/or other amounts due (other than withdrawal liability) shall be due from the date the judgment is entered until

the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater), and such interest shall be compounded annually.

13.     The Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees.  Based upon the employee work history reported by the employers, the Fund bills the employers for contributions.

## STATUTORY AUTHORITY

14.     Section 515 of ERISA , 29 U.S.C. § 1145, provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

15.     Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --
>
> (A)     the unpaid contributions,
>
> (B)     interest on the unpaid contributions,
>
> (C)     an amount equal to the greater of--
>
> >  (i)     interest on the unpaid contributions, or
> >
> >  (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of

> the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## STATUTORY AND CONTRACTUAL VIOLATIONS

16. During the period of October 28, 2012 through November 24, 2012, Infrasource reported the work history of its covered employees to the Fund.

17. Based upon the employee work history reported to the Fund by Infrasource during the period of October 28, 2012 through November 24, 2012, Infrasource has breached the provisions of ERISA, the collective bargaining agreement, the Participation Agreement and the Trust Agreement by failing to pay all of the contributions (and interest due thereon) owed to the Fund.

18. Despite demands that Infrasource perform its statutory and contractual obligations with respect to making contributions to the Fund, Infrasource has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 17.

19. Infrasource owes the Fund $2,936.83 for unpaid contributions (not including interest) for the period of October 28, 2012 through November 24, 2012, as a result of the conduct set forth in paragraph 17.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant in favor of the Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

(i)      the unpaid contributions owed to the Fund based upon the employee work history reported by Defendant;

(ii)     interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) an annualized interest rate of 7.5%;

(iii)    an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

(iv)    attorney's fees and costs.

(b)     Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c)     For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

 /s/ Melinda J. Wetzel
Melinda J. Wetzel (ARDC #6314257)
Attorney for Plaintiffs
Central States, Southeast and Southwest
Areas Pension Fund
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois 60018-4938
(847) 939-2462
mwetzel@centralstatesfunds.org

December 17, 2013